**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4071

FAYE ANN HINTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4072

THOMAS EDWARD JOHNSON, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-96-156)

Submitted: July 29, 1997

Decided: September 3, 1997

Before LUTTIG, MICHAEL, and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Everett C. Meixel, Virginia Beach, Virginia; Donald R. Ray, Norfolk, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Charles P. Rosenberg, Assistant United States Attorney, Alexandria, Virginia; Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Thomas Johnson, Jr., and Faye Hinton appeal their convictions and sentences for conspiracy, 18 U.S.C.§ 371 (1994), and mail fraud, 18 U.S.C. § 1341 (1994). They maintain that their conduct in tampering with electric meters did not constitute a violation of federal mail fraud statutes. Finding no error, we affirm Appellants' convictions and sentences.

The record discloses that both Hinton and Johnson conspired with various Virginia Electric & Power Company, Inc. (Virginia Power) customers to fraudulently reduce their power bills by tampering with their electricity meters. An undercover informant arranged for Appellants to tamper with and alter four Virginia Power meters. Appellants were paid in cash for altering Virginia Power meters in such a way that the meters recorded only a portion of the actual amount of electricity consumed. Appellants revealed to the informant that they had been engaged in this illegal activity for several years in various parts of Virginia. From the recorded conversations, it was clear Appellants were aware that the meter tampering would ultimately lead to reduced billings for their customers. As a matter of course, Virginia Power employees read the meters, generated bills accordingly, and mailed monthly statements to the customers via United States mail.

2

Appellants' indictments charged them with conspiring with each other and others to commit an offense against the United States "to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses . . . [and to] . . . knowingly cause to be delivered by mail according to the direction thereon certain mail matters . . . ." Appellants moved to dismiss the indictments against them on the grounds that their conduct did not constitute a federal offense. The district court denied the motions. Appellants thereafter entered conditional guilty pleas reserving the right to appeal the district court's denial of their motions to dismiss the indictments. Appellants contend that federal prosecution was improper because it was not reasonably foreseeable to them their conduct would "cause" the United States mails to be used in furtherance of a fraudulent scheme. They maintain that they should have been prosecuted in state court for violations of state law rather than in federal court.

A conviction for mail fraud requires proof of a scheme to defraud which involves use of the mails in furtherance of the scheme. See United States v. Locklear, 829 F.2d 1314, 1318 (4th Cir. 1987) (citing 18 U.S.C. § 1341). In order for Appellants' scheme to succeed it was essential that the customers receive reduced monthly billings from Virginia Power based on the tampered meter readings. Without this component, Appellants' efforts would have been inconsequential and their scheme ineffective. Virginia Power customers received these bills through the United States mail. Since Appellants caused the mails to be used for defrauding Virginia Power, their conduct violated federal law. See Locklear, 829 F.2d at 1318.

Because we find that the indictments sufficiently establish a federal charge of mail fraud, we also conclude that federal authorities properly prosecuted Appellants in federal court absent any claim that the federal prosecutor's decision to prosecute was based on an impermissible classification such as race or gender. See United States v. Smith, 30 F.3d 568, 572 (4th Cir. 1994). For these reasons, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3